N. J. Dept. Labor—Schnedler v. Board of Education, Glen Ridge.

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

## FERRIS SCHNEDLER, PETITIONER, v. BOARD OF EDUCATION, GLEN RIDGE, RESPONDENT.

**Rate of Wages—Petitioner Alleged a Payment of Fifty Cents Per Hour and Claimed Compensation Based on that Rate—Respondent Showed that the employment was only for a Half Hour Each Day for Five Days Per Week, or $1.25 Per Week —Held that Compensation Should Be Based Upon that Rate.**

On determination of facts and order of dismissal.

\*       \*       \*       \*       \*       \*       \*

The only matter in which the sides were at variance was the rate of wage and the compensation rate to be paid. Attorney Wooley, for the petitioner, presented that since the injured employe was to be paid wages at the rate of fifty cents per hour, that the hourly rate of pay should be multiplied by the customary working hours of the day to determine the daily wage, and that the daily rate be multiplied by five and one-half, being the customary number of working days in the week, to determine the weekly wage.

The attorney for the respondent, James Skeffington, submitted in his argument that the general provision in the Workmen's Compensation law for the determination of the daily rate, as well as the weekly rate of wage, was not applicable in this instance where there was a stipulated and agreed contract. The injured employe is a student in the respondent's school, and was employed only for thirty minutes per day, five days per week, the weekly wage being $1.25. There was no stipulated hourly wage basis at the time of hire, and considering that no such hourly basis had been established, the customary number of working hours constituting an ordinary day in the character of the work involved was clearly stipulated in the contract of hire and the total amount of the

weekly earnings would, at all times, be limited to $1.25 per week.

The case as presented in the argument of counsel for both sides presents a phase of employment that is unique, and since there is a stipulated period of time for each working day, namely, thirty minutes, and further, it is stipulated in the contract of hire that there are but five working days per week, and still further stipulated that a weekly wage of $1.25 is to be paid, I do find that in this case the weekly wage on which compensation rate is to be based is $1.25, and this amount being less than the minimum compensation rate provided under the laws of this state, the full amount of the weekly wage is to be paid in compensation.

The only medical testimony heard was that given by Dr. H. Sheppard, who also presented X-rays showing partial amputation of the first phalanges of the left second and third fingers, causing thirty-three and one-third per cent. permanent partial disability of those fingers. Dr. Sheppard's testimony further indicated that the temporary total disability ended as of January 1st, 1926.

I do find that the respondent has paid compensation for temporary total disability to January 1st, 1926, a period of thirteen and three-sevenths weeks at $1.25 per week, and the respondent has further paid permanent partial disability for thirty-three and one-third per cent. of the left second and third fingers, or fifteen and two-thirds weeks, at $1.25 per week. In addition, the medical expenses incurred by reason of the services of the Mountainside Hospital, and Dr. D. C. Thompson in the respective amounts of $11 and $138, have been paid by the respondent.

\*        \*       ·  \*            \*            \*            \*            \*

HARRY J. GOAS,
*Deputy Commissioner.*